UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM TATE, *No. 33011-138* | ) | CASE NO. 3:06 CV 1742 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

On July 18, 2006, pro se petitioner William Tate, filed the above-captioned mandamus action. Petitioner, who is incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC), seeks an order from this court compelling the United States Parole Commission (USPC) to show cause why it is not adhering to its own regulations.

*Background*

Mr. Tate states that he was taken into custody on a parole violator warrant on January 12, 2006. He claims that the warrant was "issued January 4, 2006." He then refers to a previous action he filed before this court, pursuant to 28 U.S.C. §2241, wherein he argued that the Parole Commission's release date of March 10, 2012 was illegal. See King v. U.S. Parole

Comm'n, No. 3:06cv0491 (N.D. Ohio filed Mar. 3, 2006).[1] He further claimed that the sentence was "far in excess of movant[']s title 18 section 2113A(2) 18 reg Adult Sentence."(Pet. at 4.) He sought immediate release.

This court dismissed the § 2241 petition because Mr. Tate failed to exhaust his administrative remedies. He subsequently filed a motion for reconsideration that was denied on June 8, 2006. In his present petition, Mr. Tate claims that he has no available remedies to pursue his claim. He seeks an order from this court compelling "the Parole Commission to show cause for not adhering to their rules - per C.F.R. 28 Sec. 2.102.(f) mandating a resolution of a parole violator proceeding within 90 days from the execution of a warrant and the appointment of counsel." (Pet.'s Writ Mand. at 2.)

*28 U.S.C. § 1361*

Mandamus is an extraordinary remedy, available only where government officials clearly have failed to perform nondiscretionary duties. Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988). The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir.1992); see also Davis v. Fechtel, 150 F.3d 486, 487 (5th Cir.1998).

---

[1] Although the action was filed under the name "Billy King," the inmate registration number in the signature block identified "William Tate."

In the present case, Mr. Tate must establish: (1) that he has a clear right that has been ignored; (2) that defendant has a nondiscretionary duty to address that right; and (3) that he has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (party seeking mandamus relief must show "clear and indisputable" right and have no other adequate remedy); Dunn-McCampbell Royalty Interest, Inc. v. National Park Service, 112 F.3d 1283, 1288 (5th Cir.1997) (duty must be for specific, ministerial act, devoid of discretion). Mr. Tate's claim fails on all three counts.

Mr. Tate has failed to identify to what clear right he is entitled that the Commission has failed to address. The regulation to which he refers, 28 C.F.R. § 2.102, applies to "District of Columbia Prisoners and Parolees," and there is no allegation in this mandamus action that he falls within that class of prisoners. Even if he were to fall within that class, however, the court is still faced with the glaring conflict regarding Mr. Tate's status as an injured party. If he attempting to challenge the Parole Commission's findings of fact or credibility determinations, neither are subject to review by this court. Kimberlin v. White, 7 F.3d 527, 533 (6th Cir.1993). Furthermore, this court cannot compel the warden or the Commission to compute an earlier release date for Mr. Tate. See e.g. Hill v. U. S. Bd. of Parole, 257 F. Supp. 129 ( M.D.Pa.1966)(district court could not issue writ of mandamus on petition of federal prisoner to compel United States Board of Parole and warden to enter an earlier release date for prisoner, where Board and warden owed no duty to prisoner in regard to recomputation of sentence). If this were simply a case wherein the Parole Commission failed to hold a timely revocation hearing, Mr. Tate has undermined the validity of that argument by previously challenging the length of the sentence imposed by the Commission and seeking immediate release. Finally, he

3

has not explained to the court why he has not pursued the administrative remedies he was directed to pursue in this court's dismissal of his § 2241 petition.

This court takes judicial notice of the fact that Mr. Tate stated in his § 2241 petition that his original conviction was in the United States District Court for the Northern District of Ohio. See King, No. 3:06cv0491 (Pet. at 2.) Thus, he has failed to allege that he has a "clear and indisputable" right to relief for which he has no other adequate based on the Parole Commission's alleged failure to follow 28 C.F.R. § 2.102(f).

Based on the foregoing, this action is dismissed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz     10/25/06

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4